## Grimes, Appellant, *v.* Breeden.

*Mortgages—Scire facias sur mortgage—Affidavits of defense— Sufficient averments.*

In an action of scire facias to recover the principal of a mortgage for default in the payment of interest, where the affidavit and supplemental affidavit of defense set up the failure of consideration and the violation of a contemporaneous parol agreement which had induced the execution of the mortgage, alleging that it was made for the accommodation of the mortgagee at a time when there were unsettled accounts between the parties, the adjustment of which was necessary to determine what, if any, indebtedness existed, but that no adjustment had been made, and that when made, it would be found that the mortgagee was indebted to the mortgagor in a large amount the items of which were fully stated, and that interest was not to be paid on the mortgage, the court was not in error in discharging a rule for judgment for want of a sufficient affidavit of defense.

Argued Oct. 27, 1913. Appeal, No. 81, Oct. T., 1913, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1912, No. 28, discharging a rule for judgment for want of a sufficient affidavit of defense, in case of James F. Grimes, for use of Knoxville Land Improvement Com-

pany, a corporation, v. Waldo P. Breeden, with notice to W. J. Orr, terre tenant.  Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Scire facias sur mortgage.  Rule for judgment for want of a sufficient affidavit of defense.  Before SHAFER, J.

The opinion of the Supreme Court states the case.
The court discharged the rule.  Plaintiff appealed.

*Error assigned* was in discharging the rule for judgment for want of a sufficient affidavit of defense.

*Louis Caplan,* with him *W. D. Grimes,* and *B. H. Feldstein,* for appellee.

*Andrew G. Smith,* with him *Waldo P. Breeden,* for appellees.

PER CURIAM, January 5, 1914:

This appeal is from an order discharging a rule for judgment for want of a sufficient affidavit of defense, in a proceeding by scire facias to collect the principal of a mortgage claimed to be due because of the nonpayment of interest.  The affidavit and supplemental affidavit are open to the criticism of the plaintiff's counsel that they are lacking in orderly sequence in construction; they, however, are good in substance though bad in form. They contain allegations of a failure of consideration and of the violation of a contemporaneous parol agreement which induced the execution of the mortgage.  It is averred that the mortgage was made for the accommodation of the mortgagee to serve a present use by him; that at the time there were unsettled accounts between the parties, the adjustment of which was necessary to determine what, if any, indebtedness existed; that these accounts were to be subsequently adjusted and interest was not to be paid on the mortgage; that no adjustment

of accounts has been made, and that on an adjustment it will be found that the mortgagee is indebted to the mortgagor in a large amount, the items of which are fully stated. These facts, if true, constituted a defense and judgment was therefore properly refused.

The order is affirmed.